## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AARON HANDY, JR.,

               Plaintiff,

      v.

CUMBERLAND COUNTY JAIL, et al.,

               Defendants.

Civil Action
No. 23-2812 (CPO) (SAK)


**OPINION**

**O'HEARN, District Judge.**

Before the Court is Plaintiff's Complaint raising claims pursuant to pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff names the Cumberland County Jail and the State of New Jersey as Defendants in this matter. (*Id.* at 2.)

The Complaint contains few factual allegations.  Plaintiff contends that in March of 2023, he was a pretrial detainee at the Cumberland County Jail. (*Id.* at 4.)  He alleges that staff at the jail denied him medical marijuana, for which he had a prescription, in violation of his rights. (*See id.* at 4–5.)  In terms of relief, Plaintiff "seek[s] no money for this claim," asking only injunctive relief, demanding that Defendants "provide, and implement a system that will allow people incarcerated to self-medicate using medical marijuana." (*Id.* at 6.)  On August 14, 2023, Plaintiff filed a notice of change of address, and it appears that he was released from the Cumberland County Jail. (ECF Nos. 6, 7.)

Due to Plaintiff's release, the Court finds that the Complaint is now moot.  Federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).  To avoid mootness, a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257

F.3d at 313.    If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp*., 77 F.3d 690, 698–99 (3d Cir. 1996)).  Stated differently, a "favorable judicial decision" must be capable of redressing an injury traceable to the defendant. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

With those principles in mind, once again, Plaintiff seeks only injunctive relief. (ECF No. 1, at 6.)  Plaintiff's release from the Cumberland County Jail moots his claims for injunctive relief, "because he is no longer subject to the conditions [that] he alleges are unconstitutional." *Bower v. Cannon*, No. 17-10905, 2018 WL 4204441, at *3 (D.N.J. Sept. 4, 2018); *see also, e.g.*, *Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009) ("In general, an inmate's claim for injunctive and declaratory relief becomes moot on his release from prison."); *Hairston v. Miller*, 646 F. App'x 184, 187 (3d Cir. 2016); *Drury v. Debellis*, No. 15-2137, 2017 WL 2968393, at *3 (D.N.J. July 12, 2017).

In other words, even if the Court found that the jail's medical marijuana policy violated Plaintiff's rights and ordered Defendants to implement a medical marijuana program for all inmates, those rulings would have no effect, constitutional or otherwise, on Plaintiff.  To proceed in this case, would be to ask the Court to assume a hypothetical set of facts, where the jail's medical marijuana policy affects Plaintiff.  Accordingly, there is no live controversy in this case, and the Complaint is moot.

For the foregoing reasons, the Court will dismiss the Complaint as moot.  An appropriate Order follows.


Dated:  November 14, 2023


/s/ Christine P. O'Hearn_____
**Christine P. O'Hearn**
**United States District Judge**